### JOHN ABBOTT v. FRANK CHAFFEE.

[See 83 Mich. 256.]

*Assignment for benefit of creditors—Failure to give bond—Fraudulent conveyances.*

The assignee of an insolvent debtor, who, by reason of not filing the required statutory bond, failed to acquire the legal title to the assigned property, is not in a position to defend against an action of trover brought by the assignee of a mortgage given by the debtor prior to the assignment, and valid as between the parties thereto, on the ground that he holds the money arising from the sale of the mortgaged property for the mortgagor's creditors, and for that reason may set up as a defense that the mortgage was fraudulent as to them.

Error to Ingham. (Person, J.) Argued April 27, 1893. Decided June 30, 1893.

Trover.  Defendant brings error.  Affirmed.  The facts. are stated in the opinion.

*S. L. Kilbourne,* for appellant.

*R. A. Montgomery* and *Frank L. Dodge,* for plaintiff.

LONG, J.  This case was in this Court at the October term, 1890, and is reported in 83 Mich. 256.  On a new trial in the circuit court, verdict was again directed in favor of the plaintiff, and judgment was entered thereon for $519.  Defendant brings error.

It appears from the defendant's testimony that the mortgage given was without consideration.  The circumstances, under which the defendant obtained the property for which the action of trover is brought are as follows:  Mr. Elijah D. Kitchen was in the dry goods business at North Lansing.  He became indebted for stock purchased for his store to various parties in the sum of about $3,000. Finding it difficult to meet his obligations when due, he applied to Mr. Francis M. Dodge for a loan of about $2,000.  After some talk Dodge proposed, instead of loaning the money, to purchase the stock if he could get it cheap enough.  Kitchen then told him of his indebtedness.  After looking over the stock, Dodge proposed to give him $2,000 for it.  The arrangement was concluded, and a bill of sale given by Kitchen to Dodge of all the stock, store, fixtures, etc.  Dodge paid $100 down, gave a note for $400 at three months, and a note of $500 for six months.  He delivered to Kitchen these two notes. He also made a note of $1,000, due in nine months. This he did not deliver, but put it in the bank, to be delivered to Kitchen in nine months if no litigation about the stock was had.  At that time Dodge gave as a reason why he would not loan the money that litigation might arise over the stock, and when he put the $1,000 note in.

the bank it was understood that it was not to be delivered if any litigation was had over it.    He told Kitchen that he thought litigation would arise over the stock by the creditors.    Dodge took possession of the store on the same day, and took about $50 worth of the goods out of the stock.    On the next day, or the day after, Mr. Kitchen wanted to undo what had been done, and take back the stock.    It was finally agreed by Dodge that he might do this, and it was arranged that Dodge might keep the $50 worth of goods, and have a horse, harness, and buggy which Kitchen owned, and take a chattel mortgage on the stock of goods for $400; and for this consideration he would give up the bill of sale, and turn the goods back to Kitchen.    Dodge claims he resold the stock to Kitchen for the above property.    The arrangement was made by which Kitchen got the goods back, and the money paid and notes given by Dodge were returned to him.    Kitchen thereupon made the assignment mentioned in the former opinion of this Court, for the benefit of his creditors.

The question presented upon the record is whether, conceeding all that defendant's testimony tends to show, he has any defense to the action.    Is he in a position to set up the fraudulent character of the transaction between Kitchen and Dodge, if it was fraudulent as to creditors?    The statutory assignment had failed, as held in the former opinion, by reason of not giving the bond required, and in consequence the legal title did not pass to the defendant under the assignment.    It is contended by defendant that he holds the moneys arising from the sale of the goods for the creditors of Kitchen, and that by reason of that he may set up the defense of fraud against the mortgage; that no consideration passed for it.    On the other hand, it is claimed by the plaintiff that the resale of the goods by Dodge to Kitchen was a sufficient consideration for the mortgage.

We think the defendant is not in a position to set up the fraud, if one in fact was perpetrated upon Kitchen's creditors.   No creditors are complaining, and the transfer from Kitchen to Dodge was valid between the parties. This being so, there was a sufficient consideration for the mortgage.   The defendant does not occupy a position as to the property or to the creditors of Kitchen such as entitles him in a court of law to contest the validity of the mortgage.

Judgment affirmed.

The other Justices concurred.